IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIFAH MUSTAPHA, | ) | |
| | ) | No. 10 C 5473 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Ronald A. Guzman |
| | ) | |
| JONATHON E. MONKEN, et al., | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Kifah Mustapha applied to be a volunteer Chaplain with the Illinois State Police ("ISP"). The ISP rejected his application, claiming that it was doing so because of information revealed during Mr. Mustapha's background check. Mr. Mustapha sued, alleging violation of the First Amendment and Title VII. During discovery, Mr. Mustapha subpoenaed certain documents and information from the Federal Bureau of Investigation ("FBI"), which is not a party to the case; the FBI responded by filing a motion for protective order. On July 19, 2011, the Court issued a decision granting Mr. Mustapha's motion to compel the FBI to respond to the subpoena and denying the FBI's motion for a protective order. The FBI has asked the Court to clarify or reconsider its ruling. For the reasons explained below, the Court agrees that doing so is appropriate.

In its July 19, 2011 decision, the Court drew - or tried to draw - a clear line: information and materials that the ISP considered and relied upon in denying Mr. Mustapha's application are relevant (no matter the source) and must be produced; information and materials that the ISP did not consider or rely upon in denying Mr. Mustapha's application are not relevant and need not be produced. The Court expressly ruled that "[i]nformation that was not relayed to the ISP simply is not relevant to Mr. Mustapha's claims." July 19, 2011 Memorandum Opinion and Order, p. 10. That ruling remains true today. In its motion, however, the FBI argues that the Court mistakenly ordered disclosure of documents that actually were not turned over to the ISP.

The FBI's motion sought to protect from disclosure two documents - a Criminal History Report and an Intelligence Contribution Report. Those documents were generated by the ISP in the context of its internal investigation of Mr. Mustapha, as part of the background check done on his application for the Chaplain position. And they were unquestionably relied upon by the ISP officials who made the decision to reject Mr. Mustapha's application. On June 15, 2010, Jonathon Monken, then Acting Director of the Illinois State Police, wrote to Mr. Mustapha advising him that his background check had been completed and that, as a result of "information revealed during" that check,

the ISP was denying his application to serve as a volunteer ISP Chaplain. *See* Motion to Clarify, Exhibit A. Acting Director Monken stated in his declaration that he relied upon information from the ISP's Division of Internal Investigations ("ISP DII"), including information listed in the National Crime Information Center ("NCIC") Response resulting from the Criminal History Report requested by the ISP for Mr. Mustapha and the Intelligence Contribution Report for Mr. Mustapha. *See* Monken Declaration, ¶¶4, 5 (attached as Exhibit C to the ISP's Response to the FBI's Motion for Protective Order). Colonel Patrick Keen represented that the decision to reject Mr. Mustapha's application was based on a review of information and documents - including the Criminal History Report and the Intelligence Contribution Report - provided to him by the ISP DII, which conducted the background investigation on Mr. Mustapha in connection with his Chaplain application. *See* Keen Declaration, ¶¶ 3-5 (attached as Exhibit A to the ISP's Response to the FBI's Motion for Protective Order). Luis Tigera, the former First Deputy Director of the ISP, represented that, in recommending that Mr. Mustapha's application be rejected, he relied upon the NCIC information and the Intelligence Contribution Report, which are included in the background investigation documents prepared by the ISP DII. *See* Tigera Declaration, ¶¶4-5 (attached as Exhibit B to the ISP's Response to the FBI's Motion for Protective Order). As these

representations make clear, the subject documents are relevant and discoverable; they must be disclosed by the ISP. To that extent, the Court's prior ruling stands.

Having said that, after re-reading all of the prior submissions and after considering additional information submitted by the FBI *in camera*, the Court is persuaded that, although the Criminal History Report and the Intelligence Contribution Report were neither generated by the FBI nor supplied to the ISP by the FBI, they do contain information that originated with the FBI and that is highly sensitive and likely classified. Accordingly, the Court finds that the FBI's and the ISP's concerns about disclosure of this information are legitimate, and that they are sufficient to trump Mr. Mustapha's right to discover the full contents of these documents.

The Protective Order entered in this case on December 14, 2010 allows confidential information to be withheld by redaction, and provides for disclosure to a very limited pool of people – even the parties are privy to confidential information only if disclosure is required by the litigation and it relates to their testimony; the Order also substantially limits the use of any confidential information disclosed. Protective Order, ¶¶ 2, 6. Consistent with this Order, and in response to the FBI's and the ISP's concerns about confidentiality and the disclosure of classified material, the Court will allow the ISP to redact the

Criminal History Report and the Intelligence Contribution Report prior to disclosure. The Court will leave it to the ISP (in the first instance) to determine what information in these reports should be redacted, bearing in mind all of the competing interests at play – the ISP's interest in defending against Mr. Mustapha's claims, the FBI's interest in maintaining the confidentiality of classified information, and Mr. Mustapha's interest in obtaining relevant, non-privileged discovery to support his claims.

Turning to the universe of documents beyond these two reports, the Court reiterates that the FBI need not disclose any information or materials that were not communicated to the ISP. Thus, although the reports discussed above are discoverable from the ISP, they are not discoverable from the FBI; Colonel Keen, Director Monken and former First Deputy Director Tigera all represented that they got those reports from their own internal investigators and not from the FBI. Colonel Keen stated in his Declaration that, although Special Agent Robert Grant told him that Mr. Mustapha would not pass a background check if he applied to be a Chaplain with the FBI, Agent Grant did not elaborate and did not provide any additional documents or information. *See* Keen Declaration, ¶¶6-8. Director Monken made the same representation in his declaration. *See* Monken Declaration, ¶¶6-7. Former First Deputy Director Tigera similarly represented

that Agent Grant did not provide any new information or documentation on Mr. Mustapha. *See* Tigera Declaration, ¶6.

Similarly, to the extent the FBI is in possession of discovery relating to any background check performed by the FBI in connection with Mr. Mustapha's application to the Citizen's Academy (or any check performed by the FBI for any other reason), those documents need not be produced. Whether or not such documents exist, it is clear that the ISP officials handling Mr. Mustapha's application never saw them or heard about them, and, as a result, they are not relevant to Mr. Mustapha's claims. Mr. Mustapha argues that he needs these documents to show that the ISP was wrong about his inability to pass a background check. But, even if he could prove that the results of the background check were somehow flawed, proving that the ISP officials were wrong about him does not get him anywhere. Under the law, it does not matter if the ISP was wrong about the results of Mr. Mustapha's background check; it matters only that the ISP believed he had not passed. *See, e.g., Van Antwerp v. City of Peoria, Illinois*, 627 F.3d 295, 298 (7th Cir. 2010)(to establish pretext, plaintiff must show that the stated reason for making decision was a lie, not just an error)(citing *Stockwell v. City of Harvey*, 597 F.3d 895, 901 (7th Cir. 2010); *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 642 (7th Cir. 2008))); *Leibforth v. Belvidere National Bank*, 337 F.3d 931, (7th Cir. 2003)(it is not

enough for plaintiff to show that a decision-maker's reason was wrong; to establish pretext, plaintiff has to prove that the proffered reason was a lie)(citing *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 545 (7th Cir. 2002)).

## Conclusion

For the reasons explained above, the Court grants the FBI's Motion [#61] and clarifies and reconsiders its July 19, 2011 order in two respects. First, to clarify: the FBI need not produce any documents in discovery that it did not provide to the ISP. Second, although the Criminal History Report and the Intelligence Contribution Report are relevant and discoverable, the Court will allow the ISP to redact those documents to the extent necessary to further the goals of the Protective Order and to protect the legitimate confidentiality concerns raised by the FBI and the ISP.

Dated: September 28, 2011

ENTER:

*Arlander Keys*
ARLANDER KEYS
UNITED STATES MAGISTRATE JUDGE